IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROYLN M. MILLAGE,                     3:15-CV-01464-BR

        Plaintiff,                      OPINION AND ORDER

v.

CAROLYN W. COLVIN, Commissioner,
Social Security Administration,

        Defendant.


**NANCY J. MESEROW**
7540 S.W. 51st Ave.
Portland, OR 97219
(530) 560-6788

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Carolyn M. Millage seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has juris-diction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter**.**


### ADMINISTRATIVE HISTORY

       Plaintiff protectively filed her applications for SSI and DIB on October 27, 2011, and alleged a disability onset date of

September 28, 2010.  Tr. 205-20.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 23, 2013.  Tr. 34-72.  At the hearing Plaintiff was represented by attorney Jonathan Caver. Tr. 34.  The ALJ heard testimony from Plaintiff and vocational expert (VE) Gary Jesky.  Tr. 34.

The ALJ issued a decision on February 14, 2014, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 19-27.  After the ALJ issued his decision, Plaintiff submitted new evidence to the Appeals Council and sought review of the ALJ's decision.  The Appeals Council reviewed some of that evidence and declined to overturn the ALJ's decision.  Tr. 9.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 8-14. *See also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born in September, 1966.  Tr. 39.  She was 47 years old at the time of the hearing.  Tr. 39.  Plaintiff speaks English, completed the ninth grade, and later earned her GED. Tr. 40.  Plaintiff has past relevant work experience as a

---

[1]  Citations to the official transcripts of record filed by the Commissioner on December 17, 2015 and March 17, 2016, are referred to as "Tr."

3 - OPINION AND ORDER

Certified Nursing Assistant (CNA), a flagger, and a childcare worker.  Tr. 26, 67.

Plaintiff alleges disability due to back and neck problems, carpal-tunnel syndrome, and arthritis.  Tr. 254.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 23-26.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),
416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff engaged in substantial
gainful activity after her alleged onset date of September 28,
2010.  Tr. 21.  The ALJ, nevertheless, performed the regulatory
sequential evaluation and made the alternative findings listed
below.  Tr. 22.

At Step Two the ALJ found Plaintiff has the severe
impairments of degenerative disc disease of the lumbosacral
spine, mild carpal-tunnel syndrome, obesity, and mild
arthritis/osteoarthritis of the knees.  Tr. 22.

At Step Three the ALJ concluded Plaintiff's impairments did
not meet or medically equal the criteria for any Listed
Impairment under 20 C.F.R. part 404, subpart P, appendix 1.
Tr. 23.  The ALJ then assessed Plaintiff's RFC and found she can
work with the following limitations:  She can lift and carry 20
pounds occasionally and 10 pounds frequently; she can stand/walk
2-4 hours in an eight-hour day; she does not have any sitting
limitations; she can climb stairs and ramps, but she cannot do
other climbing; she can occasionally stoop, crouch, and crawl;
she should avoid concentrated exposure to extreme cold,
vibration, and workplace hazards such as heights and dangerous

machinery with moving parts; and she cannot do any forceful gripping or grasping with her hands.  Tr. 23.

At Step Four the ALJ concluded Plaintiff is incapable of performing any of her past relevant work.  Tr. 26.

At Step Five the ALJ found Plaintiff is able to perform jobs that exist in the national economy, including cashier and assembler.  Tr. 27.  The ALJ, therefore, concluded Plaintiff is not disabled.  Tr. 27.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found at Step One that Plaintiff engaged in SGA after the alleged onset date; (2) rejected Plaintiff's subjective symptom testimony; (3) failed to consider new evidence submitted to the Appeals Council, causing further error; and (4) failed to enumerate all of Plaintiff's severe limitations at Step Two.

**I.   Any error at Step One was harmless.**

Plaintiff contends the ALJ erred because he found Plaintiff performed SGA after her alleged onset date.  Tr. 22.  After finding Plaintiff's past work as a childcare provider constituted SGA, the ALJ, nevertheless, performed the regulatory sequential evaluation process and made findings to support his nondisability determination in the alternative.  Tr. 22-27.

On this record, therefore, any error at Step One was

9 - OPINION AND ORDER

harmless because it was inconsequential to the ALJ's ultimate nondisability finding. *See Molina*, 674 F.3d at 1117 (9th Cir. 2012)(the court "will not reverse for errors that are 'inconsequential to the ultimate nondisability determination.'").

**II. The ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Parra,* 481 F.3d at 750.  The ALJ

10 - OPINION AND ORDER

must identify "what testimony is not credible and what evidence

undermines the claimant's complaints." *Id.* (quoting *Lester*, 81

F.3d at 834).

At the administrative hearing Plaintiff testified she is

unable to work primarily because of her carpal-tunnel syndrome

and problems with her knees.  Tr. 51.

The ALJ rejected Plaintiff's testimony as to the nature and

extent of her limitations.  Tr. 24-25.  The ALJ found Plaintiff's

symptoms were controlled with treatment and that she failed to

seek other treatment despite her complaints of pain.  Tr. 24.

The effectiveness of treatment is a relevant factor in

determining the severity of a claimant's symptoms.  20 C.F.R.

§§ 404.1529(c)(3), 416.929(c)(3).  Here Plaintiff responded

positively to injections to her knee.  Tr. 24, 373-74.  In

addition, Plaintiff refused to seek treatment for pain other than

opioid medications despite the recommendations of her treatment

providers.  Tr. 24, 470 (Kaiser Permanente Clinic notes dated

August 5, 2010, reflect Plaintiff relied "on opioids as only real

pain management strategy").  For example, Plaintiff was not

interested in attending pain-management classes despite warnings

from her medical providers that failure to follow through with

these classes would violate her "pain-management agreement."  Tr.

462, 484.  On this record the Court finds it was reasonable for

the ALJ to infer that Plaintiff's symptoms were not as disabling

11 - OPINION AND ORDER

as alleged because she appeared to pursue single-mindedly only opioid medications and did not seek other recommended means of treatment.

The ALJ also found Plaintiff's testimony was contradicted by her activities of daily living.  Tr. 25.  The ALJ may discount a claimant's subjective symptom allegations when they are undermined by activities such as attending to the needs of children.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Although Plaintiff asserted she could walk only 5-10 steps, could only lift a jug of milk, and must lie down to relieve pain, the ALJ noted Plaintiff was working at a telephone center in March 2012, which suggests a higher level of functioning than alleged in her testimony.  Tr. 59-60, 538 (Kaiser Permanente Clinic notes dated March 19, 2012, reflect Plaintiff's only apparent complaint about her work at the telephone center was that it did not pay as well as her job as a traffic flagger).  In addition, Plaintiff also reported in June 2012 that she could not attend a pain-management group because she was busy helping her brother plan his wedding.  Tr. 562.

In July 2012 Plaintiff reported she was able to work part-time as a caregiver and was looking for a better job.  Tr. 573. In February 2013 Plaintiff reported she had gone back to school and had a busy home life with her children and nine

grandchildren.  Tr. 659 (Kaiser Permanente Clinic notes dated
February 12, 2013, reflect Plaintiff had "taken a step back from
grandchild care so that she can pursue school").  Plaintiff
reported in April 2013 that she was exercising at the gym several
times a week and babysitting 3-5 children, 4-5 days per week for
8-10 hours at a time.  Tr. 25, 680.  The following month
Plaintiff reported she kept herself busy by exercising and
working.  Tr. 714.  On this record the Court finds it was
reasonable for the ALJ to infer that Plaintiff was less limited
by her symptoms than she alleged in her testimony.  *See Rollins*,
261 F.3d at 857.

        Because the ALJ's conclusions were rational, they must be
upheld.  *See Ludwig*, 681 F.3d at 1051 (when the evidence is
susceptible to more than one rational interpretation, the
Commissioner's findings must be upheld when reasonable).

        To the extent that Plaintiff alleges further error in the
ALJ's evaluation of her testimony, any such error is harmless
because the ALJ provided legally sufficient reasons to support
his findings.  *See Batson v. Comm'r*, 359 F.3d 1190, 1195-97 (9th
Cir. 2004)(applying harmless-error standard when one of the ALJ's
several reasons supporting an adverse credibility finding was
held invalid).

        In summary, the Court concludes the ALJ did not err when he
found Plaintiff's testimony was not entirely credible as to the

13 - OPINION AND ORDER

intensity, persistence, and limiting effects of her conditions because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**III. New evidence submitted to the Appeals Council does not undermine the ALJ's decision.**

Plaintiff contends the Commissioner's decision is not supported by substantial evidence in light of the new evidence submitted to the Appeals Council after the ALJ issued his nondisability determination.

When a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60, 1162-63. Here the new evidence includes a letter from Samuel Weirich, M.D., dated May 25, 2014; an individual service plan from Cascadia Behavioral Healthcare dated March 11, 2015; and the records of rheumatologist Stephen Gancher, M.D., and Adrienne Serneels, M.D., dated January 2014 through April 2014.  Tr. 920-50, 951-64.  The Appeals Council considered this evidence, but the Appeals Council, nevertheless, denied Plaintiff's request for a remand of the ALJ's decision.  The Appeals Council explained

the evidence pertains to a time after the relevant period.[2]
Tr. 9.

**A.  Samuel Weirich, M.D.**

In his letter Dr. Weirich states Plaintiff may have "some
type of connective tissue disorder" based on "earlier" blood work
and suggests further evaluation from a rheumatologist.  Tr. 951.
The Social Security Regulations provide the Appeals Council shall
consider newly-submitted evidence only when "it relates to the
period on or before the date of the administrative law judge
hearing decision."  20 C.F.R. 404.970(b).  In the Ninth Circuit
medical evaluations made after the relevant period can still be
relevant when they concern the claimant's condition during the
period at issue.  *Taylor*, 659 F.3d at 1232 (9th Cir. 2011).
"The opinion of a [physician] who examines a claimant after the
expiration of his disability insured status[, however,] . . . is
entitled to less weight."  *Macri v. Chater*, 93 F.2d 540, 545 (9th
Cir. 1996).

Because Dr. Weirich's letter was written after the relevant
period and does not explicitly refer to blood work from a date
during the relevant period, it does not undermine the ALJ's

---

        [2] Although Plaintiff contends the Appeals Council erred when
it found the newly-submitted evidence does not pertain to the
relevant period, this Court does not have jurisdiction to review
a decision of the Appeals Council's denial of a request for
review of an ALJ's decision because the Appeals Council decision
is not a final agency action.  *See Brewes*, 682 F.3d at 1161.

evaluation of the medical evidence.[3]  Moreover, Dr. Weirich did
not provide a definitive diagnosis of fibromyalgia.  Instead he
merely suggests further evaluation would be appropriate.
Tr. 951.  For these reasons Dr. Weirich's opinion does not
undermine the ALJ's evaluation of the medical evidence.  Thus,
the Commissioner's assessment was rational in light of the entire
record and, therefore, must be upheld.  *See Ludwig*, 681 F.3d at
1051 (even when the evidence is susceptible to more than one
rational interpretation, the court must uphold the Commissioner's
findings if they are supported by inferences reasonably drawn
from the record).

       **B.  Cascadia Mental Health**

       The records submitted to the Appeals Council from Cascadia
contain statements made by Plaintiff describing her mental-health
symptoms and relate to dates after the relevant period.  Tr. 952-
64.  Plaintiff argues these statements relate back to the
relevant period, and, therefore, undermine the ALJ's decision.
As noted, however, the ALJ properly rejected Plaintiff's
statements regarding her subjective symptoms and limitations.
Because the records from Cascadia primarily document Plaintiff's
own statements about her symptoms and limitations, those records

---

       [3] Although Plaintiff's assertion that Dr. Weirich's opinion
relates to a blood sample taken during the relevant period is not
unreasonable, the Commissioner's determination that the report
refers to a later blood sample reflects a rational interpretation
of the evidence and must be upheld.

do not constitute substantial evidence sufficient to undermine the ALJ's nondisability determination.

**3.  Stephen Gancher, M.D., and Adrienne Serneels, M.D.**

Plaintiff also submitted evidence to the Appeals Council from rheumatologist Stephen Gancher, M.D., and Adrienne Serneels, M.D.  Tr. 920-50.  In February 2014 Dr. Gancher advised Plaintiff that she "likely has fibromyalgia," which was at the end of the relevant period.  Dr. Gancher also opined on February 7, 2014, that her primary diagnosis was fibromyalgia.  Tr. 930, 933. Dr. Serneels concurred with this diagnosis in March 2014. Tr. 935.  Thus, Plaintiff contends the ALJ erred at Step Two when he failed to find Plaintiff's fibromyalgia to be "severe," which was not supported by substantial evidence in the record.

The fact that a condition has been diagnosed does not establish it is significantly limiting.  *See Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  Moreover, symptoms of an impairment are not sufficient to establish a medically determinable impairment.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).  Dr. Serneels's diagnosis is dated March 3, 2014, and Dr. Gancher rendered his diagnosis of fibromyalgia just seven days before the ALJ issued his decision.  Tr. 933, 935. Thus, even when added to the record, these diagnoses do not show Plaintiff suffered from a severe impairment that "lasted ... for a continuous period of at least 12 months" as required by the

17 - OPINION AND ORDER

Regulations.  *See* 20 C.F.R. § 404.1509.  Moreover, the medical
record is equivocal as to whether Plaintiff suffered from
fibromyalgia even after the relevant period.  *See, e.g.,* Tr. 951.
In addition, in his treatment notes Dr. Gancher wrote he only
prescribed physical therapy, a fibromyalgia class, and Cymbalta,
which suggests Plaintiff's condition could be remedied with
treatment.  Tr. 933.

        Although the ALJ did not have the benefit of reviewing the
opinions of Drs. Gancher and Serneels, the ALJ noted Plaintiff
was positive on 16 out of 18 tender points for fibromyalgia.
Tr. 24.  The ALJ included in his evaluation of Plaintiff's RFC
postural and environmental limitations consistent with this
evidence to account for Plaintiff's fibromyalgia symptoms.
Tr. 23, 26.

        For these reasons the Court finds the newly-submitted
opinions of Drs. Gancher and Serneels do not undermine the ALJ's
assessment of the medical record and his ultimate nondisability
determination.

**IV.  The ALJ's Step Two findings are supported by substantial
     evidence.**

        Plaintiff also contends the ALJ erred at Step Two by failing
to include her sleep apnea, fibromyalgia, and depression in the
list of severe impairments.

        The ALJ resolved Step Two in Plaintiff's favor.  Tr. 22.  He

considered evidence in the record of Plaintiff's mental impairments as well as sleep apnea, and the ALJ determined these impairments are not severe. Tr.22. Because the ALJ resolved Step Two in Plaintiff's favor, any error of omission was harmless if the ALJ considered all of Plaintiff's limitations in formulating his evaluation of Plaintiff's RFC.

Here Plaintiff did not establish any work-related limitations related to her sleep apnea. As the ALJ noted, treatment records reveal Plaintiff's symptoms of sleep apnea improved after she began using a CPAP machine. Tr. 22, 887. On this record, therefore, the Court concludes the ALJ did not err when he omitted Plaintiff's sleep apnea from the list of severe impairments at Step Two.

When determining whether Plaintiff suffered from a severe mental impairment, the ALJ considered the mental-health records of Jan Yomogda, M.A., and Amy Aadland, Psy.D., and concluded the record did not support a finding that Plaintiff suffers from a mental impairment such as depression that lasted for at least 12 months during the relevant period. Tr. 22 (citing Tr. 855-56). *See also* 20 C.F.R. § 404.1509 (durational requirement of 12 months for severe impairments that are not expected to result in death). M.A. Yomogda and Dr. Aadland opined Plaintiff "may meet criteria for Major Depressive Disorder based on her reported symptoms." Tr. 855. These providers did not formally diagnose a

19 - OPINION AND ORDER

mental disorder other than anxiety.  Instead their opinions were based on Plaintiff's subjective symptom reports, which the ALJ properly rejected.  *See id.*  Moreover, Plaintiff testified at the hearing that she was not taking any medication for depression, which created a reasonable inference that any symptoms associated with Plaintiff's depression were not limiting enough to cause her to seek treatment.  Tr. 62.  On this record the Court concludes the ALJ did not err at Step Two by failing to list Plaintiff's depression among her severe impairment.

Finally, the newly-submitted opinions of Drs. Gancher and Weirich discussed above do not undermine the ALJ's evaluation of the medical record.  *See* Tr. 933.  Plaintiff has not identified specific functional limitations within the newly-submitted evidence related to fibromyalgia that were not included in the RFC.  Thus, even if the ALJ had found Plaintiff's fibromyalgia to be a severe impairment, that finding would not add any more functional limitations than those already incorporated into the ALJ's evaluation of Plaintiff's RFC.  Any omission by the ALJ at Step Two, therefore, was harmless.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  *See also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

**V.   The ALJ did not err at subsequent steps in the Sequential Evaluation.**

Finally, Plaintiff contends the ALJ failed to properly

consider the medical evidence, formulated an incorrect RFC, and presented an invalid hypothetical to the VE.  Plaintiff merely reiterates her arguments that the Commissioner failed to consider the new evidence added to the record after the ALJ's decision and improperly evaluated her testimony.  As noted, the Court has reviewed the entire record, including the newly-submitted evidence, and finds the ALJ's decision is supported by substantial evidence in the record.  Tr. 26.  The ALJ's findings at subsequent steps in the sequential evaluation process, therefore, were free of harmful error.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 21st day of October, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge